UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD R. WILLIAMS,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>GARY SANDOR, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.　10cv0665-DMS (WVG)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

　　　　On March 26, 2010, Petitioner, a state prisoner proceeding pro se, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. On March 30, 2010, the Court granted Petitioner's application to proceed in forma pauperis and dismissed the Petition without prejudice due to Petitioner's failure to allege exhaustion of his state court remedies with respect to any claim presented. (Doc. No. 3.) Petitioner was granted leave to file an amended petition in which he alleged exhaustion of state court remedies on or before May 28, 2010. (See 3/30/10 Order at 3.) He was specifically warned, however, that if he failed to allege exhaustion of his state court remedies by that date, he would have to start over by filing a new petition which would be given a new civil case number. (Id.) On April 30, 2010, Petitioner filed a First Amended Petition in which he has once again failed to allege exhaustion of state court remedies.

　　　　Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has once again failed to allege exhaustion of state court remedies.

## CONCLUSION AND ORDER

Based on the foregoing, the First Amended Petition is **DISMISSED** without prejudice for failure to allege exhaustion of state court remedies. If Petitioner wishes to proceed with this matter, he must file a Second Amended Petition which alleges exhaustion of state court remedies on or before **May 28, 2010.** Petitioner is once again cautioned that if he has not alleged exhaustion of his state court remedies before **May 28, 2010**, and still wishes to pursue his habeas claims in this Court, he will be required to start over by filing a new federal habeas petition which will be given a new civil case number.

**IT IS SO ORDERED.**

DATED: May 6, 2010

_____
HON. DANA M. SABRAW
United States District Judge

Copies to:   ALL PARTIES